James D. **GIBSON**, Plaintiff–Appellee,

v.

Samuel **McMURRAY**, Defendant–Appellant,

**Latrice Sain, et al., Defendants.**

Nos. 97–1215, 97–2073.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 24, 1998.

Decided Oct. 20, 1998.

Douglas R. Mullkoff (briefed), Kessler, Mullkoff & Hooberman, Ann Arbor, MI, F. Mark Hugger (argued and briefed), Hugger Palvic, Ann Arbor, MI, for Plaintiff–Appellee.

Michael S. Bogren (briefed), Plunkett & Cooney, Kalamazoo, MI, for Sain and Muskegon Heights Police Dept.

Thomas M. Weibel, Smith, Haughey, Rice & Roegge, Grand Rapids, MI, for West, Stevens, Bryant, Vines, Burns, Hill, Watson, Wheeler, Jones and Garner.

Mary Massaron Ross (argued and briefed), Plunkett & Cooney, Detroit, MI, for Defendant–Appellant.

Before: MERRITT, SILER, and GILMAN, Circuit Judges.

## OPINION

MERRITT, Circuit Judge.

Defendant Samuel McMurray, a police chief in Muskegon Heights, Michigan, appeals the denial of his motion to dismiss on several grounds in this § 1983 civil rights action. For the reasons discussed below, we reverse the order of the district court and dismiss the suit against McMurray.

### I.

Because this is an appeal from a denial of a motion to dismiss, defendant Samuel McMurray, the Chief of Police of Muskegon Heights, Michigan, relies, for purposes of this appeal, as he must, on the facts as they are presented by plaintiff. For purposes of this opinion, therefore, we will rely on the facts alleged by plaintiff in his complaint.

Plaintiff James Gibson attended, and planned to videotape, a Muskegon Heights School Board meeting on March 15, 1995 because he was concerned about low scores by students in the district on a standardized test. At some point during the meeting, defendant Eddie West, the school superintendent, and defendant Dana Bryant, a school administrator, demanded that plaintiff cease videotaping the meeting. Plaintiff refused, citing Michigan's open meeting law,[1] and the police were called.

Another defendant, Muskegon Heights police officer Latrice Sain, responded to the call and told plaintiff he would be arrested if he didn't leave the building. Plaintiff would not leave and Officer Sain forcibly removed him from the building. Plaintiff alleges that he was choked unconscious and had to be treated at the hospital. Later that evening another officer cited plaintiff for trespassing in violation of a local ordinance. Plaintiff filed a complaint with the police department against Officer Sain the next day. The police department conducted an investigation into plaintiff's complaint and found Officer Sain's actions to be proper.

While the investigation was ongoing, Officer Sain completed a warrant authorization form for plaintiff's arrest and submitted it to a local district judge for approval. Pursuant to the police department's standard practice, the warrant request form was pre-signed by the city attorney but was not actually reviewed by the city attorney before submission to the judge. Defendant McMurray alleges that the warrant may have been reviewed and verbally authorized by the city attorney, but for purposes of this appeal we assume, as alleged by plaintiff, that the warrant request form was not reviewed by the city attorney. The warrant was issued and it was entered into the "Law Enforcement Information Network." Plaintiff was not immediately picked up on the warrant.

A month later, on April 16, 1995, plaintiff attended another school board meeting. The

---

1. Plaintiff claims that he had the right to videotape the meeting without school board permission pursuant to Michigan's Open Meeting Act, M.C.L. § 15.262(1), which provides:

All meetings of a public body shall be open to the public and shall be held in a place available to the general public. All persons shall be permitted to attend any meeting except as otherwise provided in this act. The right of a

person to attend a meeting of a public body includes the right to ... videotape ... the proceedings of a public body at a public meeting. The exercise of this right shall not be dependent on the prior approval of the public body. However, a public body may establish reasonable rules and regulations to minimize the possibility of disrupting the meeting.

police were again called and Officer Sain responded and arrested plaintiff on the outstanding warrant. Plaintiff spent the night in jail. All charges against plaintiff were later dismissed.

Plaintiff alleges that defendant McMurray authorized the police department practice of using presigned arrest forms in violation of M.C.L. § 764.1(2),[2] which had the effect of misleading the district judge who authorized the warrant and led to the illegal arrest of plaintiff by Officer Sain. In his amended complaint, plaintiff alleges that McMurray violated plaintiff's procedural due process rights under the Fourteenth Amendment by authorizing the use of warrant request forms that were presigned by the city attorney in violation of M.C.L. § 764.1(2). Plaintiff also contends that his Fourth Amendment rights were violated. The district court denied McMurray's motion to dismiss, holding that plaintiff's Fourth Amendment rights had been violated by use of the presigned warrants. The district court held that McMurray was liable under a theory of supervisory liability and that he did not have qualified immunity.

## II.

Defendant McMurray contends that plaintiff's § 1983 claim fails on three grounds: (1) he is not liable under any theory of supervisor liability because he did not participate in the improper arrest of plaintiff; (2) there was no constitutional violation and (3) he has qualified immunity.

As an initial matter, we conclude that we have jurisdiction to answer the purely legal questions presented by McMurray's interlocutory appeal. *See Behrens v. Pelletier*, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (jurisdiction exists over appeals from summary judgment denials only when they resolve an abstract issue of law relating to qualified immunity).

 The district court held that McMurray violated plaintiff's Fourth Amendment right because the police used a presigned warrant request form to secure the arrest warrant and because the warrant contained false information in the form of the signature of the prosecuting attorney who had not actually reviewed the form, thereby misleading the judicial officer reviewing the warrant request form.

We agree with McMurray that there is no federal constitutional violation supporting plaintiff's § 1983 claim. The Fourth Amendment does not require prosecutorial review for a warrant to issue nor is there any other federal requirement for a prosecuting attorney to review the facts of a case and make a probable cause determination prior to review by a judicial officer. The Michigan law that requires the prosecuting attorney to review the warrant request form before it is presented to the judicial officer is simply an additional safeguard to the arrest process under Michigan law. The warrant request form must still be evaluated by a "neutral judicial officer" to determine if there is probable cause to issue a warrant.

The district court emphasized in its opinion that the problem with the presigned warrants is that the judicial officer may curtail his or her review if he or she believes that the prosecuting attorney has already reviewed it for probable cause—in other words the judicial officer may rely on the prosecutor's approval to issue the warrant. We reject the district court's reasoning that the evaluation by the judicial officer would be different—the implication is that the judicial officer would simply rubber stamp the application—if he or she knew that the warrant had been reviewed by a prosecuting attorney. The review undertaken by the judicial officer should be an independent review that is not influenced by the fact that a prosecuting attorney also signed the request form.

In the federal courts, Department of Justice rules provide that prosecutors often must review and approve the application for a warrant by FBI or other agents. There is no assumption or indication that this requirement makes any difference in the magistrate

---

2. M.C.L. § 764.1(2) states in relevant part:
 A magistrate shall not issue a warrant for a minor offense unless an authorization in writing allowing the issuance of the warrant is filed with the magistrate and signed by the prosecuting attorney....

judge's review. Similarly, in the instant case there is no basis for the assumption that the judicial officer simply "rubber stamped" the warrant application. By allowing the use of presigned applications, the police chief has not committed a Fourth Amendment violation. To hold otherwise would make all warrants issued after prosecutorial authorization invalid—both those that were presigned and those that were reviewed and signed by the prosecutor and then "rubber stamped" by the judicial officer. In the absence of any false statement of material fact, the issuance of such a warrant does not violate the warrant requirement or due process.

This case is distinguishable from the cases cited by plaintiff where the information provided to the court reviewing the request for the warrant is actually false. *See, e.g., Hill v. McIntyre,* 884 F.2d 271 (6th Cir.1989). Here, the fact that the warrant request form may not have been actually reviewed by the prosecuting attorney should not affect the independent review undertaken by the judicial officer. While it may undermine the purpose of the Michigan law to provide an additional level of review, it does not impart any false facts to the judicial officer concerning the existence of probable cause to issue a warrant.[3]

■ In addition to the Fourth Amendment violation found by the district court, plaintiff also contends that the use of presigned warrants is a violation of a state-created procedural right that supports a § 1983 claim under the Fourteenth Amendment. The district court correctly rejected this argument.

■ In determining whether state law creates a liberty interest protected by the due process clause, the initial inquiry is whether the state has used "explicitly mandatory language in connection with requiring specific substantive predicates" to place substantive limitations on official conduct. *Hewitt v. Helms,* 459 U.S. 460, 468, 472, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). If the statute uses explicit mandatory language and pro-

vides substantive predicates, the second inquiry is whether the state has mandated a specific outcome if the substantive predicates are met. *Tony "L" and Joey "L" v. Childers,* 71 F.3d 1182, 1185 (6th Cir.1995); *Pusey v. City of Youngstown,* 11 F.3d 652, 656 (6th Cir.1993). Procedural rights that do not require a particular substantive outcome are not liberty interests protected by the Fourteenth Amendment, even if the right is "mandatory."

Here, plaintiff's procedural right rests on M.C.L. § 764.1(2). The language is explicitly mandatory in stating that a "warrant shall not issue" until the prosecuting attorney signs the warrant. The statute does not provide any specific outcome, however, so plaintiff's procedural due process claim must fail. *See Pusey,* 11 F.3d at 656; *Childers,* 71 F.3d at 1185. Accordingly, plaintiff has no due process right to have the city attorney review and sign the request form before presenting the form to the court.

Because we hold that there has been no constitutional violation to support a § 1983 claim, the other questions raised by McMurray on appeal need not be addressed. For the foregoing reasons, we reverse the holding of the district court and dismiss plaintiff's claims against McMurray.

---

**3.** We note that our opinion here makes no findings as to the merits of any state law claims

plaintiff may have.